ANNA V. LYNN v. ANNIE HANSON and Others.[1]

January 25, 1899.

Nos. 11,241—(65).

## Agents Authorized to Receive Payment of Mortgage.

*Held*, that upon the facts in this case the note and mortgage in controversy must be deemed paid. Hare v. Bailey, 73 Minn. 409, and General Convention C. M. v. Torkelson, 73 Minn. 401, followed.

Action in the district court for Hennepin county against Annie Hanson and John Hanson, her husband, and H. W. Thompson, as administrator with the will annexed of the estate of Francis Parks, deceased. The complaint alleged, among other things, that defendants Hanson executed to plaintiff a mortgage to secure a loan of $1,500, evidenced by one note for $500 and by another note for $1,000; and that defendant Thompson, as administrator, claimed some right and interest in the mortgaged premises, but that his lien was inferior to that of plaintiff's mortgage. The complaint prayed for judgment of foreclosure and for a deficiency judgment against the Hansons. The court, Johnson, J., found the facts as

[1]ANNA V. LYNN v. JOSEPH KING and Others.

January 25, 1899.

Nos. 11,240—(64).

Appeal by defendant H. W. Thompson, as administrator with the will annexed of the estate of Francis Parks, deceased, from a judgment of the district court for Hennepin county, entered pursuant to the findings and order of Johnson, J. Reversed.

*A. D. Keyes*, for appellant.

*Jones & Babcock* and *John B. Atwater*, for respondent Anna V. Lynn. .

BUCK, J.

There is but one paper book in this case and that of Lynn v. Hanson, herewith decided adversely to the plaintiff. The cases were argued at the same time, and upon substantially the same state of facts. Following the ruling in the Hanson case, the note in controversy must be deemed paid, the mortgage satisfied, the judgment reversed and new trial ordered.